UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FRANK BRANDON

                         Plaintiff,

    -against-

CITY OF NEW YORK,
NYPD POLICE OFFICER TUHIN KHAN and
NYPD SERGEANT DUMANOVSKY,

                        Defendants.
---------------------------------------------------------X

Index No.: 20-cv-7784

FIRST AMENDED COMPLAINT

Plaintiff Demands Trial by Jury

Plaintiff FRANK BRANDON, by his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK, NYPD POLICE OFFICER TUHIN KHAN ("P.O. KHAN") and NYPD SERGEANT DUMANOVSKY ("SGT. DUMANOVSKY"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff FRANK BRANDON, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff FRANK BRANDON, is a United States citizen of full age and a resident of New York County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendant POLICE OFFICER TUHIN KHAN was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. KHAN acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging

in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant SERGEANT DUMANOVSKY was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant SGT. DUMANOVSKY acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. Plaintiff is a 54-year-old citizen and life-long resident of New York City.

10. On November 19, 2019 at or about 4:30 P.M. plaintiff was involved in an automobile accident near the corner of 146th Street and 8th Avenue in Manhattan.

11. Moments later, defendant NYPD POLICE OFFICER TUHIN KHAN and his partner arrived on the scene and found plaintiff feeling dizzy and unsteady on his feet.

12. Plaintiff informed the officers that he hit his head during the collision and expressed to them that he felt dizzy and unsteady on his feet.

13. The other driver accused plaintiff of being intoxicated.

14. Plaintiff denied being intoxicated and stated to the officers that he does not drink.

15. P.O. KHAN asked plaintiff to submit to a Breathalyzer test at the 28th Precinct.

16. Plaintiff said that he would.

17. P.O. KHAN then informed plaintiff that he would have to be handcuffed while being transported to the precinct.

18. Plaintiff complied.

19. P.O. KHAN then handcuffed plaintiff and along with his partner transferred him in their marked police vehicle to the 28th Precinct of the NYPD.

20. At the 28th Precinct, plaintiff took a Breathalyzer test and the result showed that there was no alcohol in his system.

21. Once the Breathalyzer test showed no alcohol in plaintiff's system, a third officer who was not present at the scene of the motor vehicle accident stated that he believed plaintiff was under the influence of drugs.

22. Plaintiff denied any drug use and stated unequivocally that he does not use drugs and never has.

23. Another officer then asked plaintiff if he would submit to a series of coordination tests.

24. Plaintiff consented to the tests and completed each one without issue.

25. At this point, a highway patrol officer appeared with a black light that he shined in plaintiff's face.

26. The officer then claimed that the light revealed the presence of a white-powder substance on plaintiff's face.

27. When plaintiff denied the presence of any white powder on his face the officer became irate and swore at plaintiff.

28. At this point plaintiff was told by P.O. KHAN that he was under arrest on suspicion of driving under the influence of drugs.

29. Plaintiff denied being on drugs.

30. The highway patrol officer asked if he would submit a urine sample for testing.

31. Plaintiff willingly complied.

32. Plaintiff was then transferred to the 32nd Precinct for processing.

33. At the 32nd Precinct plaintiff complained of a bad headache and feeling dizzy.

34. Soon after, plaintiff's wife, daughter and son arrived and requested medical attention on his behalf.

35. At this point officers stated to plaintiff's family that he was "on crack" and that he was under arrest for driving under the influence.

36. Eventually an ambulance arrived, and plaintiff was brought to Harlem Hospital.

37. At Harlem Hospital plaintiff was brought before a doctor in handcuffs.

38. The officer present told the doctor that plaintiff was under arrest on suspicion of driving while under the influence of drugs.

39. The doctor had plaintiff's blood tested for drugs and alcohol.

40. Several hours later, the results of those tests revealed that there were no drugs in plaintiff's system.

41. Medical staff informed the officers present that plaintiff was likely suffering from a concussion and/or a stroke and asked them to remove the handcuffs.

42. The officers refused and stated that plaintiff was under arrest.

43. Later that morning doctors confirmed that plaintiff had suffered a stroke the previous day and informed the officers of as much.

44. The officers still refused to remove the handcuffs or to leave plaintiff's side.

45. As a result, plaintiff remained handcuffed to a hospital bed and under police watch while being treated for a stroke until noon on Saturday, November 23rd, approximately four and a half days after he first encountered defendant P.O. KHAN.

46. Plaintiff was kept handcuffed and shackled by NYPD officers even though doctors made it clear that he needed to be fully ambulatory in order to be properly treated. This prevented plaintiff from receiving adequate care.

47. When he was finally released from Harlem Hospital, plaintiff was brought back to the 32nd Precinct and placed in a cell, where he remained for another four hours, at which point he was issued a Desk Appearance Ticket and told that he was free to go.

48. The arresting officer listed on the DAT is defendant P.O. KHAN and the supervising officer who signed off on plaintiff's arrest is listed as defendant SGT. DUMANOVSKY.

49. In total, plaintiff was in police custody for approximately five days.

50. The charges against plaintiff were eventually dismissed.

51. As a result of the illegal arrest effectuated by defendants P.O. KHAN and SGT. DUMANOVSKY, plaintiff suffered a prolonged period of false imprisonment, emotional distress, mental anguish, public humiliation and loss of standing in the community, where he is a well-known and widely respected figure.

## **AS FOR A FIRST CAUSE OF ACTION**

*False Arrest in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against all defendants*

52. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

53. At all times during the events described above, defendants lacked probable cause to arrest plaintiff.

54. At all times during the events described above defendants acted under the color of state law.

55. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

56. The arrest of plaintiff by defendants deprived plaintiff of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

57. As a result of the aforementioned acts of defendants, plaintiff suffered a period of false imprisonment lasting approximately five days.

## AS FOR A SECOND CAUSE OF ACTION

*Malicious Prosecution as against defendants NYPD POLICE OFFICER TUHIN KHAN and NYPD SERGEANT DUMANOVSKY*

58. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

59. Plaintiff avers that NYPD POLICE OFFICER TUHIN KHAN and NYPD SGT. DUMANOVSKY lacked probable cause to initiate criminal charges against him.

60. Plaintiff avers that all charges against him stemming from the criminal action initiated against him were dismissed.

61.     Plaintiff avers that defendants acted with malice when they knowingly and intentionally initiated a false criminal court complaint against him without probable cause to believe that he had committed the crime for which he was accused.

62.     Plaintiff avers that he suffered damages as a result, namely a prolonged period of detention and repeated trips to court where he was forced to defend against demonstrably false charges.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

63.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

64.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants.  The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

65.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest and hold a citizen in custody without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

66.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of arrest power as described in this complaint.

67. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

68. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: October 8, 2020
New York, NY

By: */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Frank Brandon*
290 Howard Avenue
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com