ALEXIS G. PADILLA<br>
Attorney at Law<br>
378 Lewis Ave. #6<br>
Brooklyn, NY 11233<br>
Tel. 917 238 2993<br>
alexpadilla722@gmail.com

February 22, 2022

**BY ELECTRONIC FILING**
Hon. Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **Brandon v. City of New York, et al.**
                  **20 cv 7784 (LAK)(SLC)**

Your Honor:

      My office represents the plaintiff, Frank Brandon, in the above-referenced matter. I write in response to defense counsel's letter dated February 16, 2022, regarding their intent to file a motion to compel plaintiff to produce certain text messages pertaining to the incident that underlies this matter.

      First, plaintiff does not object to the request for text messages sent by plaintiff to his daughters and girlfriend, at least not in principle. As was made clear to counsel, plaintiff is simply asking that some time limitation be put on the production to avoid what plaintiff views as the overly burdensome task of having to sift through more than two years of text messages that may be responsive to defendants' request. Plaintiff, his daughters and girlfriend, send text messages back and forth daily and have discussed the incident that underlies this matter in those messages many times, but it should be noted that plaintiff was not in possession of a cellphone during the time he was in custody, so there are no messages which would bear directly on the incident itself and there is nothing that would be in these text messages that could conceivably contradict any of the primary claims in this case, chiefly, that plaintiff suffered a stroke on the day that he was involved in an auto-accident, that there were no intoxicants in his body when he was taken into custody (plaintiff was given a full battery of tests for drugs and alcohol on that day, both by the NYPD and the staff at Harlem Hospital; no substances were found in his system) and that he was handcuffed to a hospital bed for approximately four days while being falsely accused of driving under the influence. None of this can be contradicted by anything that plaintiff may have said in a text message *after* being released from police custody.

      In short, defendants want plaintiff to undergo the burdensome task of obtaining and sifting through hundreds if not thousands of text messages looking for texts that may be responsive to defendants' request, but which are highly unlikely to have any relevance to the claims that underlie this suit.

To resolve this issue and to avoid the overly burdensome task of parsing through plaintiff's many text messages to his daughters and girlfriend, plaintiff proposes limiting the defendants' request to the three months following the incident. In this way, defendants will have some insight into plaintiff's state of mind and his communications with his loved ones in the months after the incident but without subjecting plaintiff to the overly burdensome task of sifting through almost two and a half years of daily texts.

I thank the Court in advance for its time and attention and look forward to resolving this issue.

Respectfully submitted,

/s/

*Alexis Padilla, Esq.*
*Attorney for Frank Brandon*

Cc: **BY ECF**
Zachary Kalmbach, Esq.
New York City Law Dept.
*Attorneys for Defendants*

---

In light of Plaintiff's letter (ECF No. 28) is response to Defendants' letter-motion for a discovery conference (ECF No. 25), the Court orders as follows:

1. Plaintiff shall promptly search for and produce any text messages he sent to his children or girlfriend (i) from November 19, 2019 through February 19, 2020 (ii) concerning the incident giving rise to this case (the "Incident");

2. Defendants may renew their request for any text messages sent more than three months after the Incident if they can establish a particular basis to believe such text messages exist;

3. The telephone conference scheduled for March 3, 2022 at 10:00 am is CANCELLED; and

4. Defendants' request to adjourn the telephone conference (ECF No. 27) is DENIED as moot.

The Clerk of Court is respectfully directed to close ECF No. 27.

SO ORDERED    2/22/2022

_____
SARAH L. CAVE
United States Magistrate Judge