```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FRANK BRANDON,

                        Plaintiff,

        -against-                                              20-cv-7784 (LAK) (SLC)

THE CITY OF NEW YORK, et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiff Frank Brandon seeks relief pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"), New York City Police Department ("NYPD") Officer Tuhin Khan, and NYPD Sergeant Dumanovsky, arising out of his arrest on November 19, 2019 following a vehicular accident in upper Manhattan. (Dkt 11)  Following the close of fact discovery, defendants moved for summary judgment (Dkt 43) under Federal Rule of Civil Procedure 56, which the plaintiff opposed (Dkt 53). Magistrate Judge Sarah L. Cave filed a report and recommendation (the "R&R") that recommends granting defendants' motion for summary judgment and dismissing all of plaintiff's claims. (Dkt 63) Raising substantially the same arguments made in his opposition to the motion, plaintiff objects to the R&R to the extent that it recommends dismissal of his claims for false arrest and malicious prosecution against Officer Khan.[1]  As set forth below, plaintiff's objections are overruled and defendants' motion for summary judgment is granted in its entirety.

*False Arrest Claim*

       For the reasons set forth by Magistrate Judge Cave, there is no genuine issue of material fact.  Officer Khan is entitled to summary judgment dismissing the false arrest claim on the merits.

       Plaintiff objects to the R&R's conclusion that Officer Khan had probable cause to arrest him on November 19, 2019 following his vehicular accident.  Probable cause exists when officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient

---

[1] Plaintiff does not oppose dismissal of his claims against the City and Sergeant Dumanovsky. *See* Dkt 63, at 7–8; Dkt 64, at 3.  Accordingly, defendants' motion for summary judgment is granted as to the City and Sergeant Dumanovsky and plaintiff's claims against those defendants are dismissed.

to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."[2]

As Magistrate Judge Cave concluded, the undisputed evidence in the record demonstrates that Officer Khan was justified in believing that plaintiff had operated a motor vehicle while under the influence of alcohol or drugs in violation of New York Vehicle and Traffic Law ("VTL") § 1192. It is undisputed that an eyewitness told Officer Khan that the plaintiff drove into the left lane and struck his vehicle in a head-on collision. At the scene of the accident, Officer Khan observed plaintiff having difficulty balancing and removing his driver's license from his wallet, which he dropped in the process. Plaintiff then failed a series of tests conducted at the 28th Precinct, including testing administered by a Drug Recognition Expert ("DRE"), who observed that plaintiff had droopy eyelids, foul breath, and constricted pupils and concluded that plaintiff was under the influence of a narcotic analgesic. Accordingly, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of Officer Khan would be warranted in the belief that the plaintiff had operated a vehicle while under the influence of an intoxicating drug.[3]

Plaintiff's argument that Officer Khan should have "rule[d] out a medical emergency before taking plaintiff into custody" is unpersuasive.[4] Once Officer Khan had a reasonable basis for believing there was probable cause for an arrest, he was "under no obligation to conduct further investigation" to rule out every possible claim of innocence.[5] In all events, it is undisputed that Officer Khan asked plaintiff if he required medical attention, and plaintiff responded that he did not.[6] The record thus establishes the existence of probable cause regardless of whether "other exculpatory factors

---

[2] *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *Posr v. Ct. Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999)).

[3] *See Hoyos v. City of New York*, 999 F. Supp. 2d 375, 386–87 (E.D.N.Y. 2013) (quoting *People v. Farrell*, 89 A.D.2d 987, 988 (2d Dep't 1982)).

[4] Dkt 64, at 9.

[5] *Guerrero v. City of New York*, No. 12-cv-2916 (RWS), 2013 WL 5913372, at *4 (S.D.N.Y. Nov. 4, 2013); *see also Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) ("[O]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."); *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989) ("Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.").

[6] See Dkt 53, at 5; *see also* Pellegrino Decl., Ex. A, at 10:8–9.

3

were [] considered" at the time of plaintiff's arrest.[7]

I have considered plaintiff's other arguments and concluded that they are without merit.

*Malicious Prosecution Claim*

Plaintiff objects also to the R&R's conclusion that Officer Khan had probable cause to initiate a prosecution against him and that there is no evidence of malice in the record.[8] The existence of probable cause to support an arrest precludes a plaintiff from establishing a malicious prosecution claim "unless [he] can point to facts uncovered after the arrest that negated that probable cause by making apparent the 'groundless nature of the charges.'"[9]

As set forth above and in the R&R, Officer Khan had probable cause to arrest the plaintiff. In his objection, plaintiff relies on the same intervening fact that already was considered and soundly rejected by Magistrate Judge Cave. Namely, the "sole intervening fact to which [plaintiff] points as vitiating the probable cause that existed when he was arrested . . . is Officer Khan's testimony that, on the day [plaintiff] returned to the 32d Precinct on November 23, 2019, another officer told him that [plaintiff] had suffered a stroke."[10] Yet, as Magistrate Judge Cave reasoned, plaintiff has failed to "adduce[] any evidence showing that Officer Khan learned of [this statement] before he issued the DAT."[11] Furthermore, Officer Khan "did not recall whether he learned about [plaintiff's] stroke before or after he issued the DAT."[12] Even assuming that Officer Khan was informed of the plaintiff's stroke before issuing the DAT, the fact that plaintiff suffered a stroke does not vitiate the probable cause that existed on the basis of the eyewitness statements made to Officer Khan, Officer Khan's undisputed

---

[7] See Dkt 64, at 5.

In all events, "reasonable officers could at least disagree" about whether probable cause existed to arrest plaintiff, such that Officer Khan is entitled to qualified immunity. *See Hoyos*, 999 F. Supp. 2d at 391.

[8] See Dkt 64, at 10–11.

[9] *Rodriguez v. City of New York*, 535 F. Supp. 2d 436, 443 (S.D.N.Y. 2008) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)); *see also Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (explaining that "continuing probable cause is a complete defense to a constitutional claim of malicious prosecution").

[10] Dkt 63, at 17.

[11] *Id.*

[12] *Id.*

observations of the plaintiff after the accident, and the DRE's evaluation of the plaintiff at the 28th Precinct.[13]

Additionally, plaintiff again argues that actual malice can be inferred by the absence of probable cause.[14] Here, plaintiff repeats his argument that probable cause dissipated when Officer Khan was informed that the plaintiff had suffered a stroke.[15] Yet, as Magistrate Judge Cave properly found, plaintiff offers no evidence that Officer Khan acted "with improper or wrongful motives" or that he acted "in reckless disregard of [his] rights[]" in issuing the DAT. Because there is "no evidence of malice in the record," there is no genuine issue of material fact as to the malice element of plaintiff's malicious prosecution claim.[16]

*Conclusion*

The objections to the R&R are overruled and the motion for summary judgment (Dkt 43) dismissing the case is granted in its entirety. The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated:   July 27, 2023

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

---

[13] *See* Dkt 63, at 17–18.

As with false arrest, an arresting officer is entitled to qualified immunity from a malicious prosecution claim if "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *O'Neill v. Town of Babylon*, 986 F.2d 646, 649–50 (2d Cir. 1993) (internal quotation marks omitted). At a minimum, given the undisputed facts in the record, reasonable officers could disagree about whether probable cause to prosecute plaintiff existed, and Officer Khan therefore is entitled to qualified immunity. *See Hoyos*, 999 F. Supp. 2d at 390–91.

[14] Dkt 64, at 12 (citing *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003)).

[15] *See* Dkt 53, at 14–15; Dkt 64, at 13.

[16] *See Hayes v. City of New York*, No. 12-cv-4370 (LAK), 2014 WL 4626071, at *11 (S.D.N.Y. Sept. 15, 2014).